UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD KUFNER,

        Plaintiff,                             Case No. 1:06-cv-910

v.                                            HON. JANET T. NEFF

JEFFERSON PILOT
FINANCIAL INSURANCE COMPANY,

        Defendant.
_____/

## OPINION

Plaintiff filed this ERISA[1] action following the denial of his claim for long-term disability (LTD) benefits by defendant Jefferson Pilot Financial Insurance Company under a policy issued to plaintiff's employer. On January 16, 2009, the Court entered a Judgment in favor of plaintiff (Dkt 24). The Court concluded that defendant abused its discretion in denying LTD benefits to plaintiff under the plan provisions and that there was no credible basis for the denial of benefits. Thus, defendant's decision was arbitrary and capricious. The Court ordered that plaintiff was entitled to disability benefits in the proper amounts pursuant to the plan provisions and, further, that plaintiff was entitled to interest on unpaid benefits.

Pending before the Court is Plaintiff's Motion for Attorneys Fees, Costs, Interest, and Post-Judgment Relief (Dkt 25). Defendant has filed a Memorandum in Opposition to plaintiff's motion (Dkt 27). The Motion is decided without oral argument pursuant to W.D. Mich. LCivR 7.3(d).

---

[1] Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*.

The Court has given careful consideration to plaintiff's request for fees, costs, interest and post-judgment relief notwithstanding the incompleteness and presumptive nature of plaintiff's motion and accompanying brief. Although the Court concludes that relief is warranted, the lack of attention to detail in plaintiff's motion and brief—and the failure to cite adequate basis or authority in support of the specific relief sought—has made any final resolution of this matter impossible without supplemental briefing. This not only results in unnecessary additional work for chambers, but, undoubtedly, also in increased attorney effort and fees. The Court forewarns counsel that such unnecessary time and effort will be taken into consideration in deciding any final award of fees and costs in this case.

## I. Request for Fees, Costs and Expenses

In an action for the recovery of ERISA plan benefits, the district court has discretion to award reasonable attorney fees and costs to either party. 29 U.S.C. § 1132(g)(1). Plaintiff contends that he is entitled to attorney fees and costs in this matter because defendant's actions were "arbitrary and capricious." Defendant responds that plaintiff is not entitled to attorney fees and costs because even though the Court concluded that the denial of benefits was arbitrary and capricious, defendant did not act with bad faith or unfairly in adjudicating plaintiff's claim.

### A. Attorney Fees

The five-factor *King* test applies in deciding whether an award of attorney fees is proper in an ERISA action: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal

questions regarding ERISA; and (5) the relative merits of the parties' positions. *Moon v. Unum Provident Corp.,* 461 F.3d 639, 642 (6th Cir. 2006); *see Sec'y of Dep't of Labor v. King,* 775 F.2d 666, 669 (6th Cir. 1985) (per curiam) (setting forth a five-factor test for the award of fees, commonly called the "*King* factors").

No one factor in *King* is determinative, and the factors as a whole are not necessarily conclusive since they are not statutory. *Moon,* 461 F.3d at 643. "Rather, they are considerations representing a flexible approach." *Id.* In the Sixth Circuit, there is no presumption that attorney fees will be awarded; the district court must consider each factor before exercising its discretion. *Id.* The Court considers the factors in turn as follows.

1. *Degree of the Opposing Party's Culpability or Bad Faith*

Looking specifically to the circumstances of this case, the Court is persuaded that this factor weighs in favor of plaintiff. As expressed in the Court's earlier Opinion (Dkt 24), defendant went to excessive lengths in this case to deny benefits in the face of extensive and persuasive medical evidence supporting plaintiff's claim for partial disability. The course of defendant's benefits consideration reflected defendant's tenacious adherence to its position denying LTD benefits despite overwhelming contrary evidence. Defendant disregarded plaintiff's evidence and opinions in favor of the "independent" opinions secured by defendant, from physicians who were less qualified on addiction issues and less familiar with plaintiff's medical treatment.

In arguing against an award of fees, defendant essentially asks the Court to revisit the merits of the substantive issues in this case on the basis of decisions by other courts in other "risk of relapse" cases (Def. Br. 2-6). Defendant contends that it was a "close call" whether plaintiff satisfied the policy's definition of partial disability (*id.* at 4).

The question in this case was not simply whether a "potential risk of relapse" constituted a disability, since plaintiff was working 40-50 hours a week. Instead, the question was whether plaintiff was able to work 70-80 hours a week, which the parties did not dispute constituted "full-time" work for plaintiff. Under the plan provisions, plaintiff was entitled to LTD benefits if he was unable to work his normal full-time week of 70-80 hours (Op., Dkt 24 at 18).

In this case, the Court found no credible basis for defendant's position, given the plan provisions and plaintiff's medical circumstances. Defendant simply ignored plaintiff's extensive medical evidence and the opinions of plaintiff's treating physicians, and instead secured and relied on conclusory "peer review" opinions from doctors retained by defendant. In *Moon,* 461 F.3d at 643-44, the Sixth Circuit Court of Appeals examined similar circumstances in the denial of benefits and found that the such conduct could not be considered "in good faith." Here, as in *Moon*, the culpability factor weighs in favor of plaintiff.

2. *Opposing Party's Ability to Satisfy an Award of Attorney's Fees*

Defendant does not dispute that it is able to satisfy an award of fees in this case. As in the typical case involving an insurance company defendant, this factor must be weighed in favor of plaintiff. *See Moon,* 461 F.3d at 644 (weighing this factor against the defendant insurance company where its ability to pay was undisputed).

3. *Deterrent Effect of an Award on Other Persons under Similar Circumstances*

Plaintiff relies on the reasoning in *Moon,* addressing similar case circumstances, to argue that an award of fees in this case would deter other insurance companies from making arbitrary decisions based on a limited review of the administrative record by physicians, without actually examining

4

the claimant. Defendant contends that an award of fees and costs would have a negligible deterrent effect because defendant did not act in bad faith and was not highly culpable.

The Court weighs this factor in favor of plaintiff. While the factual circumstances of this case are not typical, defendant's arbitrary approach to the benefits determination is far too common. Defendant disregarded the medical record and extensive evidence in support of plaintiff's claim and based its decision on limited peer review reports and cursory opinions. Defendant's approach to the benefits determination does not reflect a reasoned consideration of plaintiff's claim in terms of the specific plan provisions, but instead reflects arbitrary decisions to effect the desired denial of benefits. An award of fees would serve to deter such perfunctory responses to benefits claims and ensure individualized consideration of the claimant's circumstances, particularly where a conflict of interest creates a greater potential for self-interested decision-making, as in this case. *See Calvert v. Firstar Fin., Inc.,* 409 F.3d 286, 292 (6th Cir. 2005).

4.  *Conferring a Common Benefit on All Participants and Beneficiaries of an ERISA Plan or Resolving Significant Legal Questions Regarding ERISA*

Here, as in *Moon*, plaintiff did not seek to confer a common benefit on all plan participants, and there is no argument that this case resolved a significant legal question. *See Moon, supra* at 645. This factor adds no support to plaintiff's claim for fees and costs.

5. *Relative Merits of the Parties' Positions*

This factor is closely related to the first *King* factor, and in this case, weighs heavily in favor of plaintiff for the reasons stated in the substantive decision (Op., Dkt 24).  Plaintiff presented extensive and persuasive medical evidence supporting his claim for LTD benefits, which the Court found far outweighed the evidence relied on by defendant both in quantity and quality (*id.* at 17). Defendant disregarded plaintiff's evidence and opinions in favor of the "independent" opinions secured by defendant, from physicians who are less qualified on addiction issues and less familiar with plaintiff's medical treatment (*id.* at 20).  Plaintiff's position was much stronger given the quality and quantity of evidence plaintiff offered in support of his claim as compared to the conclusory peer review opinions relied on by defendant.

Considering the *King* factors as a whole, they clearly weigh in favor of an award of fees. Factors one, two, three and five all favor plaintiff; factor four has no particular import one way or another in this case.  The Court finds an award of fees is appropriate in this case.

Having determined that an award of attorney fees is appropriate, the Court must arrive at a reasonable fee, "'one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers.'"  *Geier v. Sundquist,* 372 F.3d 784, 791 (6th Cir. 2004) (quoting *Reed v. Rhodes,* 179 F.3d 453, 471 (6th Cir. 1999)).

The court must follow a well-delineated procedure for arriving at a reasonable fee.  The starting point is the "lodestar" calculation:  the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Jordan v. City of Cleveland,* 464 F.3d 584, 602 (6th Cir. 2006); *see Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983) ("most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the

litigation multiplied by a reasonable hourly rate"). "To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier,* 372 F.3d at 791.

Once the lodestar figure is determined, the court may consider other factors to adjust the award upward or downward to achieve a reasonable result. *Geier, supra* at 792. The Supreme Court has cited twelve factors[2] that may be relevant, although many of these factors are generally subsumed in the initial lodestar calculation. *Id.*

The party seeking attorney fees bears the burden of documenting his entitlement to the award with evidence supporting the hours worked and rates claimed. *Gonter v. Hunt Valve Co., Inc.,* 510 F.3d 610, 617 (6th Cir. 2007); *Reed v. Rhodes,* 179 F.3d 453, 472 (6th Cir. 1999). "'Where the documentation of hours is inadequate, the district court may reduce the award accordingly.'" *Reed,* 179 F.3d at 472 (quoting *Hensley,* 461 U.S. at 433).

In this case, plaintiff requests fees of $400 an hour for work by attorney Frederick Boncher. Plaintiff contends that this rate is reasonable for Frederick Boncher's experience and is in keeping with market rates (Pl. Br. 11). In support of this rate, plaintiff submits Mr. Boncher's résumé and

---

[2] These factors, known as the "*Johnson* factors" are: "(1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Geier,* 372 F.3d at 792; *see Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir.1974).

7

affidavit (Pl. Exs. 4, 5) and an affidavit from attorney Troy Haney (Pl. Ex. 3). Mr. Haney cites his own extensive experience and expertise in ERISA litigation and avers that he believes, based on his observation, experience, and personal expertise as an ERISA attorney, that (1) Mr. Boncher's reputation and experience (and that of the rest of his firm) warrants attorney Frederick Boncher's requested rate of $400 per hour and attorney Brent Boncher's rate of $295 per hour, and (2) these rates are reasonable (Pl. Ex. 3). Plaintiff also cites three cases awarding fees at rates ranging between $325 and $450 an hour.

The Court finds plaintiff's evidence lacking with regard to the requested fees of $400 an hour for legal work in this case. While Frederick Boncher may well be an experienced and respected attorney in this venue, there is no evidence that he specializes in ERISA, such that he would command an hourly rate above that awarded to other attorneys with extensive ERISA expertise, such as Mr. Haney, who was awarded an hourly rate of $350 in another case in this district—although the award was subsequently vacated. *See Crider v. Highmark Life, Ins. Co.,* No. 1:05-cv-660, 2006 WL 6157958 (W.D. Mich. November 21, 2006), vacated June 8, 2007 (Pl. Ex 2). Based on his résumé, Attorney Haney appears to have a practice specializing to a large extent in ERISA. He has lectured extensively on ERISA matters, litigated numerous ERISA cases in this district, and published articles on various aspects of ERISA. Mr. Boncher's résumé does not reflect similar specialization. Thus, the requested rate of $400 an hour cannot be said to be "the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier,* 372 F.3d at 791.

Further, although awards in similar cases may be a factor considered in awarding fees, *Geier,* 372 F.3d at 792, the only case cited by plaintiff from this district for an award of a similar fee is

8

*Cridler* ($350 an hour), which is distinguishable for the reasons stated above. Plaintiff otherwise cites a district court case from Minnesota (for an award of $325 an hour) and a district court case from California (for an award of $450 an hour based on attorney affidavit and other attorney in community). The Court does not find these cases satisfactory evidence of the prevailing market rate for the determination of a reasonable rate in this case. The Court has accordingly looked to other cases for guidance on the prevailing market rate.

In other recent ERISA cases in this district, the court has authorized fees at the rate of $280 an hour for attorneys as the reasonable and customary rate for attorneys practicing in the specialized area of ERISA law. *Soltysiak v. Unum Provident Corp.,* No. 2:05-cv-148, 2008 WL 4280110, *2 (W.D. Mich. September 15, 2008); *Soltysiak v. Unum Provident Corp.,* 480 F. Supp. 2d 970, 976 (W.D. Mich. 2007) (citing *Moon v. UNUM Provident Corp.,* No. 1:02-cv-683 (W.D. Mich. 2006)). As defendant points out, the billing sheets submitted by plaintiff detailing the attorney time and expenses reflect that Frederick Boncher's hourly rate was billed at $250 an hour. Under the circumstances of this case, the Court concludes that the rate of $400 an hour requested by plaintiff in this case is excessive and that a rate of $300 an hour is instead reasonable based on evidence of the prevailing rates in this district and the documentation submitted by plaintiff.

Although the court has determined a reasonable hourly rate for fees of Attorney Frederick Boncher, the Court is unable to calculate the award of fees, given the documentation submitted by plaintiff and defendant's objections. Plaintiff states that he has incurred "120.45 hours to date" as indicated on the billings submitted (Pl. Br. 13; Pl. Ex. 7). The seven pages of billing detail submitted by plaintiff reflect intermingled charges for three individual attorneys from July 13, 2005 to January 30, 2009 (Pl. Ex. 7). Defendant objects to the hours billed on the grounds that 18.7 hours

9

charged were for work on the administrative phase of this case prior to litigation, which are not recoverable under the clear mandate of the Sixth Circuit. *See, e.g., Anderson v. Procter & Gamble Co.,* 220 F.3d 449, 456 (6th Cir. 2000) ("ERISA does not authorize recovery of attorneys' fees for work performed during the administrative exhaustion phase of a benefits proceeding"). Defendant also objects that according to the record submitted, Frederick Boncher worked on this case for a total of 26.9 hours after the Complaint was filed, compared to 94 hours worked by other attorneys in his firm; however, plaintiff has requested a fee award based only on the requested rate of $400 pertaining to Frederick Boncher (Def. Br. 8).

Without a breakdown of the fees requested, by individual attorney and appropriate time periods, the Court is unable to arrive at an appropriate total fee award. Accordingly, plaintiff shall file with the Court within fourteen days, a supplemental schedule of fees requested, with appropriate breakdowns, and proper supporting documentation and/or authority. Defendant shall file objections, if any, within ten days after plaintiff's supplemental filing of the fees requested. The Court will then determine an appropriate fee award.

## B.  Costs and Other Expenses

Plaintiff requests costs of $1,591.36 (Pl. Br. 13; Pl. Ex. 7). The Court agrees that plaintiff is entitled to reasonable costs. As with the attorney fees discussed above, plaintiff has not provided the Court with a summary of these costs, i.e., a breakdown by category. Accordingly, plaintiff shall file with the Court within fourteen days, a supplemental request for costs, with appropriate breakdowns, and supporting documentation and/or authority. Defendant shall file objections, if any, within ten days after plaintiff's supplemental filing of the costs requested. The Court will then determine an appropriate award of costs.

10

II.  Request for Interest

Plaintiff requests an award of pre-judgment and post-judgment interest on premiums wrongfully paid and interest on the attorneys fees and costs.  Defendant objects in general to plaintiff's request for interest on the grounds that defendant adjudicated plaintiff's claim fairly and thoroughly.

ERISA does not require an award of pre-judgment interest to a prevailing plan participant, although it is within the district court's discretion to award prejudgment interest on equitable principles.  *Shelby County Health Care Corp. v. Southern Council of Indus. Workers Health & Welfare Trust Fund,* 203 F.3d 926, 937 n.3 (6th Cir. 2000)*; Drennan v. Gen. Motors Corp.,* 977 F.2d 246, 253 (6th Cir. 1992).  "Awards of prejudgment interest are compensatory, not punitive, and a finding of wrongdoing by the defendant is not a prerequisite to such an award." *Drennan, supra*.  Such an award serves to compensate for the lost interest value of money wrongly withheld from a plan beneficiary.  *Hoover v. Provident Life & Acc. Ins. Co.,* 290 F.3d 801, 810 (6th Cir. 2002).  Further, "[b]y federal statute, postjudgment interest is allowed on all money judgments." *Id.*  (citing 28 U.S.C. § 1961).

Plaintiff has not requested a specific amount of interest or stated a basis for the calculation of interest.  Plaintiff may include a calculation of the interest requested in its supplemental filings permitted above.  Defendant may likewise indicate any specific objections to the interest calculated by plaintiff.  The Court will consider the award of interest based on the supplemental filings.

III.  Other Requests

Plaintiff's remaining requests for other expenses and post-judgment relief are denied.  The Court is not persuaded that plaintiff is entitled to reimbursement of $4,918 in premiums paid as post-

judgment relief. Plaintiff has provided no documentation for this claim other than his mere assertion in his affidavit that he reimbursed his employer $4,918 (Pl. Ex. 6).

## IV.  Conclusion

Plaintiff is entitled to an award of attorney fees, costs and interest. Plaintiff shall file supplemental documentation for the specific amounts requested within fourteen days, as discussed above. Defendant shall file its objections, if any, within ten days following plaintiff's supplemental filing. The Court will then determine an appropriate award of fees, costs and interest.

In keeping with the comments addressed to counsel at the outset of this Opinion, plaintiff's counsel is admonished to state specifically and succinctly the fees, costs and interest sought, with supporting detail and appropriate authority in any supplemental filings. Counsel is again forewarned that any final award of fees, costs and interest is dependent on a showing of an adequate basis and support in the supplemental filings.

An Order consistent with this Opinion will be entered.


DATED: May 12, 2009                         /s/ Janet T. Neff
                                            JANET T. NEFF
                                            United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD KUFNER,

       Plaintiff,                                Case No. 1:06-cv-910

v.                                                  HON. JANET T. NEFF

JEFFERSON PILOT
FINANCIAL INSURANCE COMPANY,

       Defendant.
_____/

## ORDER REGARDING ATTORNEY FEES, COSTS AND INTEREST

In accordance with the Opinion entered this date:

**IT IS HEREBY ORDERED** that plaintiff shall file within fourteen (14) days a supplemental request for attorney fees, costs and interest, with appropriate supporting documentation.

**IT IS FURTHER ORDERED** that defendant shall file specific objections, if any, to the fees, costs and interest requested by plaintiff, no later than ten (10) days following the filing of plaintiff's supplemental request.

DATED: May 12, 2009                              /s/ Janet T. Neff
                                                  JANET T. NEFF
                                                  United States District Judge