UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RONALD KUFNER, M.D.,

      Plaintiff,

v.

JEFFERSON PILOT FINANCIAL
INSURANCE COMPANY,

      Defendant.
_____/

Case No. 1:06-cv-910

HON. JANET T. NEFF

# ORDER

Pending before the Court is the parties' Joint Motion to Vacate Opinion and Judgment Entered on January 16, 2009. The parties state that following defendant's appeal of this Court's January 16, 2009 decision to the Sixth Circuit Court of Appeals, they have reached a settlement of this case, conditioned on this Court granting a motion to vacate the January 16, 2009 Opinion and Judgment in its entirety. The parties request that in accordance with the procedure stated in *First Nat'l Bank of Salem, Ohio v. Hirsh,* 535 F.2d 343 (1976), this Court enter an order stating the Court is inclined to grant the parties' motion to vacate. The Court declines to do so.

Some courts have permitted the practice of vacating judgments following postjudgment settlement of litigation.[1] *See* Jill E. Fisch, *Rewriting History: the Propriety of Eradicating Prior*

---

[1] In the past, it has been estimated that "[f]ifty percent of the pro-policyholder judicial decisions are removed of legal precedential value by the insurance industry." Eugene R. Anderson et al., *A.B.A. Manual for Complex Insurance Coverage Litigation: A Prescription for Insurance Nullification,* 7 FORDHAM ENVTL. L. J. 55, 67 (1995).

*Decisional Law Through Settlement and Vacatur,* 76 CORNELL L. REV. 589 (1991). However, the Supreme Court has since expressed that vacatur is appropriate only in exceptional circumstances. *U. S. Bancorp Mortgage Co. v. Bonner Mall P'ship,* 513 U.S. 18, 29 (1994). No such circumstances are presented in this case.

The merits of this case were thoroughly litigated before this Court. The administrative record presented for review of plaintiff's claim for Long Term Disability benefits was in excess of 700 pages. The parties advanced their positions in extensive briefing and argument before the Court. The Court rendered a decision on the merits, taking into consideration the recently issued United States Supreme Court decision in *Metro. Life Ins. Co. v. Glenn,* ___ U.S. ___, 128 S. Ct. 2343 (2008), and its bearing on the issues presented.[2] To now simply vacate the Court's January 16, 2009 Opinion and Judgment not only erases the Court's ultimate decision, but also denies future litigants the benefit of the substantial time and resources invested by the parties and this Court in considering the merits of the issues presented.

Vacatur eliminates a crucial aspect of reasoned legal advocacy. It is the responsibility of learned counsel to assess the risks and benefits of litigating a case to an ultimate conclusion. Litigants are not entitled to "roll the dice" and then have an unfavorable outcome "washed away" by a settlement-related vacatur. *Id.* at 28.

---

[2] The Court also thereafter considered the parties' additional arguments on defendant's motion for attorney fees, costs, interest and post-judgment relief (Op. & Or., Dkt 28), which necessitated the filing of supplemental briefs.

Accordingly, the parties' Joint Motion to Vacate Opinion and Judgment Entered on January 16, 2009 (Dkt 34) is DENIED.

DATED: August 7, 2009                  /s/Janet T. Neff
                                                     JANET T. NEFF
                                                     United States District Judge